In The
United States District Court
For The Southern District of Alabama

FILED MAR 2 '22 AM 11:56 USDCALS

Montese Harris,
    petitioner

          :

      V

          :

United States of America,
    Respondent

          :

Docket No.
1:20-cr-00089-JB-mu-2
       cv

Petitioners motion to Vacate
Set aside or otherwise correct sentence
pursuant to
28 U.S.C. § 2255

Comes Now the petitioner, Montese Harris, pro-se in the above captioned matter, respectfully moving the court to Vacate, Set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255.

Judgement was entered on June 4, 2021. In accordance with the AEDPA of 28 U.S.C. § 2255, otherwise § 2255(f)(i) This petitioner has one year from the date of final conviction In which to file. That year commenced on June 18, 2021[1] and as a result, this petition is Timely filed.

In any event, in Support of his contentions, with respect to this instant petition, the petitioner offers the following.

---

[1] Pursuant to the Federal Rules of Appellate procedure (FRAP) more specifically, Rule 4, the petitioner had 14 days to file on appeal with the appellate court (11th cir.) Which he elected Not to do So, in any event, the year in accordance with the AEDPA did Not commence until The 18th of June, 2021, the petition is timely.

-1-

# I procedural Posture

The petitioner was indicted, along with others on June 24, 2020. The petitioner was specifically Named in Counts one (1), ten (10) and seventeen (17) which alleged a violation of the following

- count one - conspiracy to possess with the intent to distribute a Controlled Substance [methamphetamine] in violation of 21 U.S.C. § 846,

- count two - possession with the intent to distribute a controlled Substance [methamphetamine] in Violation of 21 U.S.C. § 841 and

- count seventeen - possession with the intent to distribute a controlled Substance [methamphetamine] in violation of 21 U.S.C. § 841.

On october 19, 2020 the petitioner was arraigned on the aforementioned charges to which he entered a plea of not guilty.

The petitioner requested, by way of motion, that he change his plea to Guilty, pursuant to a plea agreement, on February 24, 2021, the petitioner entered a plea of Guilty.

On June 4, 2021, before the Honorable Judge, for the United States District Court, Judge Jeffrey U. Beaverstock, the petitioner was sentenced having been imposed the following

- With respect to count seventeen (17) the petitioner was imposed a 140 month term of incarceration,

regarding counts one (1) and seventeen (17) the Government, pursuant to the plea agreement moved to dismiss and the court granted the motion.

The petitioner did not file a notice of appeal pursuant to Rule 4 of FRAP with the eleventh circuit court of appeals.

The petitioner has not filed any motions with this or any other court since his sentencing, as this is the only post conviction motion to have been filed by the petitioner.

## II   28 U.S.C. § 2255

A prisoner in custody under a sentence of a court established by congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence, United States v Cates 952 F.2d 149 (5th cir 1992) (the scope of relief under § 2255 is consistent with that of Habeas Corpus[2])

Relief under 28 U.S.C. § 2255 is reserved for transgressions

---

[2] See Cates 952 F.2d at 151 also United States v Placente 81 F.3d 355 (5th cir 1996)

of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-Constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings, United States v Vaughn 955 F. 2d 367 (11th cir 1992)[3] Moreover, it is well settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not to be considered in motions under § 2255, United States v Kalish 780 F. 2d 506 (5th cir 1986)[4]

A collateral challenge [28 U.S.C. § 2255] may not do as a Substitute for a direct appeal, United States v Frady 456 US 152 (1982). After conviction or exhaustion of any right to appeal or waiver the Federal Courts are entitled to presume that the defendant stands fairly and finally convicted, United States v Shaid, 937 F.2d 228 (11th cir 1991) Where a defendant has procedurally defaulted a claim, by failing to raise it on direct review, the claim may be raised in a habeas, only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent, United States v Bousely 523 us 614 (1998)[5]

---

3 United States v Ressler 54 F. 3d 257 (5th cir 1995)
4 United States v Fields 761 F.3d 443 (11th cir 2014)
5 United States v Cooper 548 FApp'x 114 (11th cir 2013)(A claim may not be reviewed under § 2255 absent a showing of cause and prejudice or otherwise actual innocence... See also United States v Hicks 945 F.2d 107 (11th cir 1991)

(i) Claims of Ineffective
Assistance of Counsel

The Sixth Amendment to the United States Constitution provides in salient part ...

" ... that [i]n all criminal prosecutions the accused shall enjoy the right ... to have the assistance of counsel for his defense." 6

The amendment guarantees a criminal defendant the effective assistance of counsel both at trial as well as during an appeal, Strickland v Washington 466 US 668 (1984)? In order to successfully state a claim of ineffective assistance of Counsel the movant must demonstrate that counsel's performance was deficient and that the resulting deficient performance prejudiced the defendant.8

A failure to establish either prong of the Strickland test requires a finding that Counsels' performance was constitutionally effective.9

The Court may address the prongs in either order, Smith v Robbins 528 Us 259 (2000)

Regarding the First prong of Strickland, a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from Counsel's performance, with the perspective of the time of the performance., Dowthitt v Johnson 230 F. 3d 733 (5th cir 2000)10

---

6   U.S. Const. Amend. VI
7   Evitts v Lucey 469 US 387 (1985)
8   Strickland 466 US at 687
9   Id
10  Citing Strickland 466 at 689

- 5 -

Thus, this court's scrutiny of counsel's performance is highly diferential. The Court must be particularly wary of arguments that are essentially come down to a matter of degree, such as whether counsel investigated enough or presented enough mitigating evidence. Those questions are even less suceptable to judicial second guessing, [see Dawthitt 230 F.3d at 743].

Regarding the second prong of Strickland a defendent is prejudiced if there is a reasonable probability that but for counsels errors [unprofessional] the result of the proceedings would have been different.[12]

To make that determination the court must examine the proceedings as a whole, given due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. The Court should not assess any alleged error in isolation.

That Said, Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in Federal Habeas proceedings, Miller v Johnson 200 F.3d 274 (5th cir 2000)[13] One claiming ineffective assistance of counsel must identify Specific acts or omissions, general statements and conclusory charges will not suffice, Knighton v Maggio 740 F.2d 1334 (11th cir 1985)

---

[11] See also Kitchens v Johnson 190 F.2d 703 (5th cir 1999)

[12] Strickland 466 at 689

[13] Citing Ross v Estelle 694 F.2d 1008 (5th cir 1983)

## III Discussion

1. Counsel for the petitioner was ineffective as he failed to argue a two-level enhancement, which was improperly assessed causing the petitioner to be exposed and thereby imposed a more severe sentence.

The United States Probation office, through the presentence Report (PSR) recommended and the court subsequently accepted the PSR's recommendation that the adjusted offense level, with respect to the petitioners instant offense should be a level 29. This adjusted offense level was predicated upon, among other things a two (2) level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(2), more specifically, the PSR states, in paragraph 27, the following..

"27. Specific offense Characteristics: Pursuant to U.S.S.G. § 2D1.1(b)(2), if a dangerous weapon was possessed, two levels are added." [14]

U.S.S.G. § 2D1.1(b)(2) states...
"If the defendant used violence, made a

---

[14] please see PSR, Doc. No. 158 page id #514 para. 27 pg 9.

credible threat to use violence, or otherwise directed use of violence, increase by two levels.

Ostensibly, therefore, pursuant to this specific offense characteristic, the petitioner would not only have to possess a dangerous weapon (U.S.S.G. § 2D1.1 (b)) the petitioner would further have to demonstrate some form of violence whether that violence was committed by way of "actual" violence... "threatened" violence or if the petitioner "directed" someone to use or threaten violence.

The enhancement, however, is inapplicable not simply because the petitioner contends that it is inapplicable because the facts of the offense conduct, as described by the Government itself (U.S. Probation office) does not otherwise conform to the requirements of the enhancement, U.S.S.G. § 2D1.1 (b)(2).

Perhaps a review of the offense conduct, as described by the Government may serve as some assistance.

Beginning on paragraph 15 of the PSR, the paragraph states in salient part...

"..., Bennett gave the drugs to Harris [petitioner] on both occassions, and Harris then sold the drugs to the CI. On the first occassions, while the CI and Harris were driving around the CI related that Harris removed the gun' from his pocket and placed it on his lap." [15]

---

[15] please see PSR, DOC. NO. 158, pg ID NO 512, page 7 of 22, para. 7.

-8-

There exists no other reference to a firearm with respect to this petitioner in the PSR entitled Offense conduct.

referring back to the enhancement pursuant to U.S.S.G § 2D1.1(b)(2) In order for the enhancement to apply the petitioner must exhibit one of the following offense characteristics...

* the use of violence,
* a credible threat to use violence, or
* a directed use of violence.

In Johnson v United States 559 US 133 (2010) otherwise known as Johnson I, the United States Supreme Court held that a crime of violence is one that requires physical force.

A review of the facts as dessiminated by the Government clearly does not meet the definition of Violence as described by the Supreme Court in Johnson I, Nor does it meet the definition as proscribed by U.S.S.G § 2D1.1(b)(2).

Recall that in accordance with the PSR, as drafted by the Government, the petitioner got into the vehicle, took the pistol from the back of his waistband, ( In all likelihood because it was uncomfortable pressed up against the seat of the vehicle) and placed it on his lap.

In order for U.S.S.G.§ 2D1.1(b)(2), to apply the petitioner would have to:

(1) use violence
* placing a firearm on your lap is Not an act of violence from either Johnson's

- 9 -

prospective, or any other common sensical
prospective whatsoever. That said, U.S.S.G
§ 2D1.1(b)(2) could apply then if...

(2) There is a credible threat of use of violence

There is no threat of the use of violence
as articulated by the PSR so this
provision is inapplicable as well. Finally
U.S.S.G § 2D1.1(b)(2) is written in the
"disjunctive," and as such, only one of the
three scenerios described herein need to
apply for the enhancement to apply. Under the
third, the petitioner would have To...

(3) Direct another to use violence.

Clearly in the Vehicle was the petitioner and
Bennett. There was no other person present
to whom the petitioner could direct the
use of violence, therefore U.S.S.G § 2D1.1(b)(2)
is inapplicable here as well.

That said, In accordance with the PSR's calculation
of the petitioners adjusted offense level, as adopted by the
Court, applying the two (2) level enhancement, pursuant
to U.S.S.G § 2D1.1(b)(2) which we now know was
inapplicable, the petitioners adjusted offense level was
determined to be 39.
    Counsel for the petitioner was ineffective in failing
to argue that U.S.S.G § 2D1.1 (b)(2), did not apply, this

-10-

was not a strategic or tactical decision by the petitioners counsel, but rather actions that were or fell below the actions of the norm of reasonability.

Furthermore, as a result of the petitioners counsels ineffective actions, this petitioner was sentenced using an adjusted offense level of 29, whereas, absent the enhancement the petitioners adjusted offense level should have been 27.

Assuming arguendo that the petitioners Criminal History Category remains at a 'category V'[16], the petitioners sentencing range according to the sentencing chart of U.S.S.G. Chapter 5 part A, should have been, adjusted offense level 27, CHC V, a range of 100-125 months. Rather, because Counsel failed to argue the inapplicability of U.S.S.G. § 2D1.1(b)(2), the court determined the petitioners adjusted offense level to be 29, with a criminal History Category of V for a Sentencing range of 140-175

Counsels ineffective assistance clearly prejudiced the petitioner as it caused him to be sentenced to a greater sentence than he would have been had counsel

---

[16] Following this instant argument, the petitioner is also alleging that his counsel failed to argue that he was placed in the wrong criminal history category.

Properly advocated for the petitioner.

This petitioner has therefore, satisfied both prongs of the Strickland test to determine or otherwise conclude that counsel was ineffective.

It is noteworthy that absent the argument that the petitioner was placed in the improper Criminal History Category, the difference in the Sentencing range without the two level enhancement (U.S.S.G. § 2D1.1(b)(2)) is significant, In fact, it is a 20 month difference on both sides of the spectrum.

Recently, in Rosales-Mireless v United States 585 US ___ (2017), the United States Supreme Court had occasion to decide whether a one (1) point difference in calculating the defendants Criminal History Category does in fact qualify as a "plain error." In determining that it does, Justice Gorsuch in his majority opinion stated, among other things, that any miscalculation of computing a defendants Sentence, that causes that defendant to spend one more day than he has to in prison, is a miscarriage of justice, as well Tarnishing the integrity of the Judicial System.

In this instant matter, As the court imposed a sentence at the "low end" of the Sentencing range [140] Faced with a 120 month low end, the petitioner Would have been Sentenced to 120 months ... a twenty month differential.

2. Counsel for the petitioner was ineffective in failing to argue that the PSR miscalculated the petitioners criminal History score thereby elevating his criminal History category increasing the Petitioners sentencing range.

Counsel for the petitioner failed to argue at Sentencing, that the PSR, otherwise the United States Probation office, miscalculated the petitioners criminal History Score thereby increasing, unduly, his Criminal History Category. The Result of this error and Counsels failure to identify and argue that error caused the petitioners sentencing range To be increased Thereby having the Court impose a more Severe sentence that the Court would have otherwise imposed.

On Paragraph 49 of the PSR[16] under the heading of "Criminal History Computation", the PSR states in pertinent part...

" The total criminal History Score is 12. According to the Sentencing Table in U.S.S.G. Chapter 5 Part A, a criminal History Score of 12 establishes a criminal History category of V."

The court was then proposed a CHC V, adjusted offense level of 29[17] and as a result, a sentencing range of 140-175 months, The court sentenced the petitioner To 140 months.

---

[16] please see Doc. Entry 158, pg ID 518, pg 13 of 22

[17] This adjusted offense range of 29 does not take into account for the petitioners argument in his First argument. The petitioner stands by his argument That his adjusted offense level Should be 27 rather than 29.

It is the petitioners contention that his criminal History score should be 5 otherwise a criminal History category of III

A criminal History category of III, in conjunction with an adjusted offense level of 27, renders a sentencing range of 87-108 months. The PSR, however, incorrectly calculated a criminal History category of V and an adjusted offense level of 29 rendering a Sentencing range of 140-175 months, Nearly double The Value of the petitioners True and accurate range.

Counsel for the petitioner was ineffective in failing To argue Not only that the adjusted offense level was inaccurate but also that the criminal History category assigned to him was much higher than it Should have been resulting in a more severe sentence

U.S.S.G. § 4A1.1 (Criminal History Category) states the following...

" The total points From subsection (a) through (e)[18] determine the criminal history category in the Sentencing Table, chapter five, Part A."

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month."

(b) Add 2 points for each prior sentence of imprisonment exceeding 60 days not counted in (a).

(c) Add one point for each sentence not counted in (a) or (b) up to a total of 4 points for this subsection.

---

[18] U.S.S.G § 4A1.2(i) define certain sentences that are Not counted at all because of their Nature, the petitioner's criminal History includes some of those prior convictions.

The following prior convictions represent those which the petitioner contends were inaccurately counted or should not have counted at all constituting ineffective assistance of counsel.

- para 41
  possession of Marijuana, 2nd degree
  (10-29-2008)
  sentenced to two years probation
  assessed (1) point

In accordance with U.S.S.G. § 4A1.1(b), a sentence imposed more than 10 years to the defendants commencement of the instant offense is Not counted, See U.S.S.G. § 4A1.2(e)
Therefore this prior conviction, as it exceeded 10 years From the commencement of the instant offense should not have been counted.

- para 42
  possession of marijuana, 2nd degree
  (5·18·11)
  sentenced to 60 days
  assessed (2) points

In accordance with U.S.S.G. § 4A1.1(c), this prior offense should have been assessed one (1) point as his sentence did not exceed 60 days.

- para 44 is accurate, an assessment of (1) point

- para 45
  Criminal Trespassing
  (1·12·13)
  sentenced to 30 days
  assessed 2 points

pursuant to U.S.S.G. § 4A1.1(e)(c)(1) " Trespassing" Sentences For the following offense "Trespassing" and offenses similar to them, by whatever name they are known are "Never" counted.

-15-

• para 46 is accurately counted as three (3) points

• para 47
Use/ possession of drug paraphonalia
(7.20.17)
assessed two (2) points
pursuant to U.S.S.G. § 4A1.1(e)(c)(i) sentences for
This offense are Never counted therefore the petitioner should
Not have been assessed any points.

• para 48
Failure To obey
(2.28.19)
assessed (1) one point.
Again, in accordance with U.S.S.G. § 4A1.1(e)(c)(i)
sentences for these offenses or offenses similiar to them
should never be counted.

The petitioners accurate criminal history score is
5, which represents on the Chapter five Table, a criminal
History category of III.

Counsels performance fell below the norm of representation
as he failed to argue at sentencing that the PSR,
over scored the petitioners criminal History category.

Furthermore, such Unreasonable representation, prejudiced
this petitioner, had counsel argued the petitioners criminal
history calculation, His score would have reflected a 5
(five), failing to so argue placed the petitioner in a
category V, Thereby elevating his sentence To what
should have been a 'low" end of 83 months, to a
"low" end of 140 months.

The Court sentenced the petitioner To 140 months

Counsel was therefore ineffective in his representation.
as petitioners adjusted offense level should have been a level
27, criminal History category of III, rendering a sentencing
range of 83-

# IV Conclusion

Wherefore, for all of the foregoing reasons, The petitioner respectfully contends that his Counsel was ineffective in his representation of The petitioner.

The petitioner Submits that Counsel failed to argue that his adjusted offense level was miscalculated as was his Criminal History Score. Counsel failed to argue these aforementioned errors resulting in a more Severe sentence. The petitioner has satisfied both prongs of the Strickland test and should therefore receive the relief requested.

Petitioner therefore Respectfully requests that this Court...

• order the Government to show cause as to Why the petitioner should Not receive the relief requested, and
• Order an evidentiary hearing

Respectfully Submitted

Montese Harris
Montese Harris
Petitioner
pro-se

-17-

Certificate of Service

I hereby certify that a copy of the foregoing Motion pursuant to 28 U.S.C. § 2255 was mailed, First class mail, postage pre-paid on this 23 day of February, 2022 To,

Gloria A. Bedwell
AUSA
63 South Royal Street
Room 600
Mobile, AL 36602

I Further certify that the above is true and correct subject to the penalty of perjury pursuant to 28 U.S.C. § 1746

So sworn this 23 day of February 2022

Montese Harris
Montese Harris
#10496-003
FCI Yazoo
po Box 5000
Yazoo city, MS 39194



MONTESE HARRIS #10496-003

FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 5000 (MEDIUM)

YAZOO CITY, MS 39194


Legal Mail


THE HONORABLE CLERK OR THE COURT

U.S. DISTRICT COURT

155 ST. JOSEPH STREET

MOBILE, AL 36602